# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RANDY NORWOOD, | ) |
| | ) Case No. 17-CV-5769 |
| Plaintiff, | ) |
| | ) Judge Sharon Johnson Coleman |
| v. | ) |
| | ) |
| THOMAS J. DART, Cook County Sheriff, | ) |
| COOK COUNTY, ILLINOIS, SGT. THOMAS | ) |
| CONLEY, KIM ANDERSON, DR. DAVIS, | ) |
| SUSAN SHEBEL, DR. TERRENCE BAKER, | ) |
| MIREYA GUERRERO, TORRENCE | ) |
| GRESHAM-TROTTER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Randy Norwood filed his Fourth Amended Complaint asserting claims against defendants Cook County Sheriff Thomas Dart, Cook County, Illinois, Sgt. Thomas Conley, Dr. Davis, Dr. Terrence Baker, Mireya Guerrero, Kim Anderson, Susan Shebel, and Torrence Gresham-Trotter, alleging that they were deliberately indifference to his medical condition in violation of 42 U.S.C. § 1983.[1] Defendants have filed a motion to dismiss [98]. For the following reasons, the Court grants defendants' motion in part and denies it in part.

**Background**

Randy Norwood is an inmate in the Illinois Department of Corrections and was housed at the Cook County Jail at all relevant times in this case. In April 2016, Norwood began suffering from swelling and extreme pain in his right groin area, so on April 14 Norwood submitted a request for medical attention. Kim Anderson, a registered nurse, evaluated Norwood on May 29, 2016, where

---

[1] Although Norwood lists Cook County Health Services as a defendant, Cook County Health Services has not been served. Further, Defendants contend that Cook County Health Services is not a separate entity from Cook County. Norwood does not respond to this argument. Thus, the Court clarifies that Cook County Health Services is not a defendant.

1

Norwood told her that his symptoms included swelling and extreme pain in his right side groin area, painful urination, painful defecation, limping, and a knot in his groin area.  Anderson informed Norwood that he did not have a hernia and prescribed him 200 mg Advil.  Norwood submitted another request for medical treatment that same day, which was denied by Sgt. Thomas Conley. Norwood continued to submit medical requests, and Anderson recommended that he be given special underwear to hold ice packs, which Norwood never received.  Anderson continued to treat Norwood with Advil and placed Norwood on bed rest, despite the "swelling and deformity" in Norwood's groin area that had grown to the size of a tennis ball.  Norwood continued to receive pain medication, and on July 18, 2016, Torrence Gresham-Trotter, also a registered nurse, informed Norwood that a doctor would see him.

Two days later, on July 20, 2016, Dr. Davis diagnosed Norwood with two hernias and determined that Norwood did not need surgery.  Norwood requested additional treatment methods, which Dr. Davis denied.  Norwood filed a grievance shortly after, which Susan Shebel, another registered nurse, denied because Norwood had recently seen a doctor related to the hernia issue. Norwood filed another grievance on September 6, 2016; Shebel responded to Norwood, advising him to continue submitting medical forms.  Dr. Terrence Baker and Physician's Assistant Mireya Guerrero examined Norwood on September 13 and prescribed pain medication.  Norwood continued to file grievances and appeal their denial.  Guerrero again saw Norwood on November 8, 2016, where Guerrero again prescribed Norwood pain medication and denied surgery.

Norwood filed another grievance in November 2016, which Shebel denied on December 20 because Norwood was scheduled to see a doctor in January 2017.  Dr. Baker and Guerrero saw Norwood on January 10, 2017, again denying his request for surgery.  Dr. Davis, Guerrero, and Anderson continued to see Norwood on multiple occasions between January 10 and June 18, 2017. On May 11, Anderson treated Norwood and denied his request to see his medical file.  Norwood

2

filed a grievance on June 16 requesting an outside appointment regarding his hernia, which was denied; Norwood appealed, which was also denied.  Norwood informed Dr. Davis on July 18 that he was having difficulty urinating and continued to have extreme pain due to the hernia.  Norwood further alleges that he gained forty pounds over the course of 18 months as a result of the hernias and that he had difficulty with tasks associated with daily living, including walking, bathing, and using the facilities.  Norwood ultimately received surgery for his two hernias in June 2018.

**Legal Standard**

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all of the plaintiff's allegations as true and views them in the light most favorable to the plaintiff.  *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013).  To survive a motion to dismiss, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Id.* at 632 (internal quotations omitted).  The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

To sufficiently allege a claim for deliberate indifference, Norwood must allege that he had an objectively serious medical need and that the defendants were aware of and refused to take reasonable steps to address it.  *Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 940 (7th Cir. 2015) (citing *Estelle v. Gamble*, 429 U.S. 97, 101, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).  As to medical professionals, deliberate indifference only occurs when a physician's treatment decision is such a departure from accepted professional standards as to raise the inference that it was not actually

3

based on a medical judgment. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). When determining whether deliberate indifference can be inferred from a physician's treatment decision, courts focus on what the physician knew at the time of treatment. *Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008). Nonmedical personnel, on the other hand, are generally entitled to rely on the judgment of treating health professionals, *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010), and generally will not be found to be deliberately indifferent unless they have reason to believe that the medical personnel are mistreating or not treating a prisoner. *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008).

As to whether Norwood's hernia pain constitutes an objectively serious medical need, the factual allegations support the claim that he had a serious medical condition that required medical treatment. The Seventh Circuit has recognized hernias as objectively serious medical conditions for the purposes of deliberate indifference claims. *See Johnson v. Doughty*, 433 F. 3d 1001, 1010 (7th Cir. 2006). Therefore, the Court focuses on whether Norwood sufficiently alleges that defendants were deliberately indifferent.

*Defendant Conley*

Defendants assert that because Norwood's allegations against Conley are limited to processing grievances, he should be dismissed. The Seventh Circuit has recognized that "the law encourages non-medical … and administrative personnel at jails and prisons to defer to the professional medical judgments of the physicians and nurses treating the prisoners in their care without fear of liability for doing so." *Berry*, 604 F.3d at 440 (collecting cases). To allege medical indifference, a plaintiff must contend that he gave the defendant sufficient notice of an excessive risk to the plaintiff's health or safety. *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). At that point, an official's "refusal or declination to exercise the authority of his or her office may reflect deliberate disregard." *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996).

4

Norwood alleges that Conley denied a medical request that Norwood filed in May 2016. When Conley received the request, Norwood had already been seen and treated by a medical professional for the underlying issue the same day he filed the request. As a sergeant employed by Cook County Jail, Conley was permitted to rely on the expertise of the medical professionals who were treating Norwood. *Arnett*, 658 F.3d at 755. Norwood does not sufficiently allege that he gave Conley notice of an excessive risk to his health or safety. Thus, the Court grants defendants' motion to dismiss as to Conley.

*The Nurse Defendants*

Norwood asserts his medical indifference claim against three nurses. A nurse can generally defer to a treating physician's orders and instructions. *Berry*, 604 F.3d at 443. This deference may not be blind; a nurse can act with deliberate indifference if he or she ignores "obvious risks to an inmate's health" in deferring to the physician. *Holloway v. Delaware Cty. Sheriff*, 700 F.3d 1063, 1075 (7th Cir. 2012).

Turning first to Gresham-Trotter, Norwood's only allegation regarding him is that on July 18, 2016, Gresham-Trotter informed Norwood that a doctor would see him on July 20, 2016. Norwood also alleges that Dr. Davis did, in fact, see him on July 20, 2016. Norwood has not alleged that Gresham-Trotter acted, or failed to act, in deliberate indifference to Norwood's objectively serious medical need. Rather, Norwood's allegations indicate that Gresham-Trotter facilitated Norwood's receipt of medical care. Norwood simply does not allege "enough fact to raise a reasonable expectation that discovery will reveal evidence supporting [his] allegations." *Arnett*, 658 F.3d at 752 (internal quotation marks and citation omitted). The Court grants defendants' motion to dismiss as to Gresham-Trotter.

Regarding Shebel, Norwood alleges that she denied two of his medical requests and advised him to continue submitting medical forms. Norwood further alleges that Shebel denied his requests

5

based on recent or upcoming medical appointments and deferred to the doctors that were treating Norwood. As noted, a nurse can generally defer to a physician's orders. *Berry*, 604 F.3d at 443. Norwood makes no allegation that Shebel ignored an obvious risk to his health when she deferred to the treating physicians' ongoing treatment plan. The allegations against Shebel fail to state a claim of relief, and thus the Court grants defendants' motion to dismiss as to Shebel.

Finally, Norwood alleges that Anderson was the first medical professional to treat Norwood for his hernias, beginning in April 2016. Anderson examined Norwood on multiple occasions and prescribed him Advil, special garments, and instituted bed rest for Norwood. However, Anderson also allegedly made these decisions despite being informed that Norwood's symptoms included swelling and extreme pain in his right side groin area, painful urination, defecation and limping, and a knot in his groin area. Although this course of treatment did not improve Norwood's pain, Anderson continued to treat him with Advil and bed rest before a doctor or other medical professional saw Norwood. Norwood sufficiently alleges that Anderson's course of treatment caused him substantial pain and constituted medical indifference. *See Arnett*, 658 F.3d at 752–53. Therefore, the Court denies defendants' motion to dismiss as to Anderson.

*The Doctor and Physician Assistant Defendants*

Norwood alleges deliberate indifference claims against two doctors and a physician assistant that treated him. Turning first to Dr. Davis, Norwood alleges that Dr. Davis was the first physician that treated him for his hernias. Although Dr. Davis diagnosed Norwood with two hernias in July 2016, Dr. Davis denied Norwood's request for surgery on multiple occasions and prescribed pain medications that had proven ineffective multiple times prior. Dr. Davis still did not change his course of treatment when a year later, Norwood informed Dr. Davis that he was having difficulty urinating and continued to have extreme pain due to the hernia. Further, Norwood alleges that as a result of the ineffective treatment and two year delay in receiving surgical treatment he gained forty

6

pounds, had difficulty with daily living tasks, and experienced ongoing pain and suffering. *See Arnett*, 658 F.3d at 752; *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). These allegations are sufficient to state a claim of medical indifference against Dr. Davis, and so the Court denies defendants' motion to dismiss as to Dr. Davis.

Similarly, Dr. Baker and Guerrero treated Norwood after being diagnosed with hernias beginning in September 2016. They, too, prescribed Norwood pain medication that had previously proven ineffective and inadequate to treat his condition. Knowingly continuing a course of ineffective treatment or delaying the proper treatment can constitute deliberate indifference. *McGowan*, 612 F.3d at 640. Dr. Baker and Guerrero continued to see Norwood and deny his requests for surgery through 2017, despite Norwood's allegations that he experienced ongoing extreme pain. Norwood also plausibly alleges a claim of deliberate indifference against Dr. Baker and Guerrero. The Court denies defendants' motion to dismiss as to Dr. Baker and Guerrero.

*Defendants Thomas Dart and Cook County*

Norwood alleges a claim for deliberate indifference against Cook County Sheriff Dart in his official capacity and against Cook County, arising from *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Defendants contend that Norwood has failed to allege any facts to support a *Monell* claim. Norwood does not offer any response, asserting simply that Cook County should remain in the lawsuit for indemnification purposes. Thus, Norwood waived his argument, conceding that his *Monell* claim should be dismissed. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995).

Even if Norwood had not waived this claim, the Court would dismiss it for failure to state a claim. Under *Monell*, a governmental entity is liable if through some official policy, it causes a constitutional deprivation to a plaintiff. *Shields v. Ill. Dept. of Corr.*, 746 F.3d 782, 796 (7th Cir. 2014). Although Norwood asserts that it is the widespread practice of Sheriff Dart and Cook County to fail

7

to properly examine detainees, provide proper medication, and respond to detainees who request medical attention, he does not allege any facts to support this claim, and in fact concedes that he was examined and treated many times by the multiple defendants in this case between April 2016 and June 2018. Even had Norwood not waived the *Monell* claim, he fails to allege any facts to support it.

Lastly, Norwood contends that Cook County should remain in this lawsuit for indemnification purposes. Because Norwood fails to state a claim against Sheriff Dart in his official capacity or Cook County, there are no remaining defendants for whom Cook County is a necessary party for indemnification purposes. *See Carver v. Sheriff of LaSalle Cty., Illinois*, 324 F.3d 947, 948 (7th Cir. 2003). As such, the Court grants defendants' motion to dismiss as to Sheriff Dart and Cook County.

**Conclusion**

For the forgoing reasons, this Court grants defendants' motion to dismiss [98] the Fourth Amended Complaint as to Sheriff Dart, Cook County, Conley, Shebel, and Gresham-Trotter with prejudice, and denies the motion as to Anderson, Dr. Davis, Dr. Baker, and Guerrero.

IT IS SO ORDERED.

Date: 11/5/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge